BHW: USAO 2019R00203




IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. PJG 19Cr 214 |
| | * | |
| DOUGLAS AMILCAR-VASQUEZ, | * | (Conspiracy to Interfere with Interstate Commerce by Robbery, 18 U.S.C. |
| Defendant | * | § 1951(a); Interference with Interstate Commerce by Robbery, 18 U.S.C. |
| | * | § 1951(a); Aiding and Abetting, 18 U.S.C. § 2; Forfeiture, 18 U.S.C. |
| | * | § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c)) |

*******

## INDICTMENT

### COUNT ONE
(Conspiracy to Interfere with Interstate Commerce by Robbery)

The Grand Jury for the District of Maryland charges that:

### Introduction

At all times relevant to this Indictment:

1. Business 1, a jewelry store in Silver Spring, Maryland, conducted business in and affecting interstate commerce by, among other things, obtaining and selling jewelry that was manufactured outside of the State of Maryland and obtained from vendors outside of the State of Maryland.

1

## The Conspiracy

2. On or about February 16, 2019, in the District of Maryland and elsewhere, the defendant,

**DOUGLAS AMILCAR-VASQUEZ,**

did knowingly and willfully combine, conspire, confederate, and agree with other persons, known and unknown to the Grand Jury, to obstruct, delay, and affect commerce and the movement of an article and commodity in commerce by robbery, as those terms are defined in 18 U.S.C. § 1951, by the unlawful taking of money and property—that is, business proceeds and jewelry—from the person and presence of employees of Business 1, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to said employees.

18 U.S.C. § 1951(a)

## COUNT TWO
### (Interference with Interstate Commerce by Robbery)

The Grand Jury for the District of Maryland further charges that:

1. Paragraph 1 of Count One is incorporated here.

2. On or about February 16, 2019, in the District of Maryland, the defendant,

**DOUGLAS AMILCAR-VASQUEZ,**

did knowingly and unlawfully obstruct, delay, and affect, and attempt to obstruct, delay, and affect, commerce by robbery, as those terms are defined in 18 U.S.C. § 1951, in that the defendant did unlawfully take and obtain property—that is, business proceeds and jewelry—from the person and presence of employees of Business 1, by means of actual and threatened force, violence, and fear of injury, immediate and future, to said employees.

18 U.S.C. § 1951(a)
18 U.S.C. § 2

# FORFEITURE ALLEGATION

The Grand Jury for the District of Maryland further finds that:

1. Pursuant to Fed. R. Crim. P. 32.2, notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 981(a)(1)(C), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461(c), in the event of the defendant's convictions under Counts One and Two of this Indictment.

## Robbery Forfeiture

2. As a result of the offenses set forth in Counts One and Two of this Indictment, the defendant,

**DOUGLAS AMILCAR-VASQUEZ,**

shall forfeit to the United States all property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations.

## Substitute Assets

3. If, as a result of any act or omission of the defendant, any such property subject to forfeiture:

   a. cannot be located upon exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third person;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or,

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America, pursuant to 21 U.S.C. § 853(p), shall be entitled to forfeiture of

substitute property.

18 U.S.C. § 981(a)(1)(C)
21 U.S.C. § 853
28 U.S.C. § 2461(c)

*Robert K. Hur* /bhw
Robert K. Hur
United States Attorney

A TRUE BILL:

**SIGNATURE REDACTED**
Foreperson

Date: 4/25/18