IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

Greenbelt Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | Case No.: PWG 19-cr-00214 |
| v. | |
| DOUGLAS AMILCAR VASQUEZ, | |
| Defendant. | |

DEFENDANT'S MEMORANDUM
IN AID OF SENTENCING

COMES NOW DEFENDANT, Douglas Amilcar Vasquez, and respectfully submits this Memorandum in Aid of Sentencing.

*Concise Sentence Argument*

Mr. Amilcar Vasquez respectfully requests the Court impose a term of imprisonment consistent with the recommended sentence guideline offense level and statutorily mandated minimum/consecutive sentence. He pleaded guilty and saved the Court, government, and witnesses the time and resources that would have been expended at a trial. As a potential period of incarceration, he asks that any sentence avoid unwarranted sentence disparity with his codefendant. Furthermore, Mr. Amilcar Vasquez also requests the Court mitigate his term of incarceration given his personal history, and the fact that as a deportable alien he will serve a harsher sentence than other prisoners that will benefit from end-of-sentence work-release and half-way house options.

*Presentence Report*

Undersigned counsel has reviewed the presentence investigation report (PSR) with Mr. Amilcar Vasquez and informs the Court that there are no errors or need for additions in the report.

*Personal Information & Acceptance of Responsibility*

Mr. Amilcar Vasquez is 34 years old. He accepted responsibility for his criminal conduct in the case on December 1, 2020. As noted in the PSR, Mr. Amilcar Vasquez shared his remorse for his criminal conduct with the U.S. Probation Officer who also confirmed that he took no action to impede or obstruct justice. PSR p.5-6 ¶15-16.

*§ 3553 (a) Sentencing Factors*

As the Court is aware, the advisory guideline sentencing range is merely one factor to consider when imposing sentence, and the Court "may not presume that the Guidelines range is reasonable." *Gall v. United States*, 552 U.S. 38, 49-50 (2007); *see also, United States v. Booker*, 543 U.S. 220 (2005). The Court must also consider all factors identified in 18 U.S.C. § 3553 (a) in order to "impose a sentence sufficient, but not greater than necessary." Mr. Amilcar Vasquez respectfully argues that many factors call for mitigation of his sentence under § 3553 (a).

Factors a court must address at sentencing include: (1) the seriousness of the offense, promote respect for the law, and provide just punishment; (2) afford adequate deterrence; (3) public safety; and (4) the need to provide a defendant with vocational

training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C. § 3553 (a)(2). As set forth below, it is with these objectives in mind that Mr. Amilcar Vasquez respectfully requests mitigation of his term of incarceration.

*Criminal History*

Mr. Amilcar Vasquez's calculation of his sentence guideline offense level recognizes three previous convictions: a 2007 robbery; a 2007 illegal reentry; and, a 2017 illegal reentry. These convictions score him at a Category IV for criminal history under the U.S. Sentencing Guideline structure. PSR p.9 ¶¶37-38, and p.14 ¶62. As the Court considers an appropriate sentence, Mr. Amilcar Vasquez respectfully submits that he is already feeling the impact (a more than 20-month enhancement) of the recommended low-end guideline offense level given his criminal history. He does note that such scoring may "over-represent" his criminal history. At the very least, he notes that his criminal history is fully represented for the Court's consideration.

*Sentence Disparity*

Pursuant to 18 U.S.C. § 3553 (a)(6), Mr. Amilcar Vasquez respectfully asks the Court to assure that the sentence imposed "avoid[s] unwarranted sentence disparities." By its plain language, § 3553 (a)(6) mandates that district courts, as part of the sentencing process, consider sentences imposed upon similarly situated defendants. At its very core, the goal of § 3553 (a)(6) is to ensure that every criminal defendant is treated fairly and justly. By requiring district courts to consider

sentences imposed upon similarly situated defendants, § 3553 (a)(6) ensures that the power to determine appropriate sentences for criminal defendants is not left to a prosecutor, but rather remains squarely within the province of district court judges.

As the Court is well aware, Mr. Amilcar Vasquez's codefendant, Ever Ramiro Torres Enriquez, was sentenced in January of this year to 84 months and 1 day pursuant to a negotiated plea agreement that was submitted to the Court under F.R.Cr.P. 11 (c)(1)(C). Mr. Amilcar Vasquez respectfully asks the Court to adhere to this level of punishment for the purposes of considering time of incarceration. While departing upward in prison time may be appropriate given the offense conduct, Mr. Amilcar Vasquez respectfully argues that a significant departure will create an unwarranted disparity.

*Defendant's Letter to the Court*

Mr. Amilcar Vasquez revealed in his presentence report investigation interview the deep scar he still feels by the death of his father when he was a child. It is clear this event had a "very significant impact" on his life. PSR p.5-6 ¶16. As he shared during the interview, adulthood came at the age of 7-years old when he dropped out of school so he could work and contribute money to the family. PSR p.11 ¶47. As he notes in his letter to the Court, it was difficult to grow up without the love and guidance of his father.

The loss of his father is now magnified by the loss his two sons now experience as Mr. Amilcar Vasquez sits in prison. Mr. Amilcar Vasquez realizes his mistake, is

4

remorseful for his conduct, recognizes it impact on others, and realizes the loss his own sons are experiencing. Remorse and deterrence are factors for the Court to consider in mitigation of any sentence. 18 U.S.C. § 3553 (a)(1) and (a)(2)(b). Mr. Amilcar Vasquez warrants mitigation given these characteristics.

*Victim Impact*

Via Court audio link, undersigned counsel listened to the sentencing hearing of Mr. Amilcar Vasquez's codefendant. The testimony provided by the mother and daughter who were present in the jewelry store when the robbery took place was powerful. Counsel shared with Mr. Amilcar Vasquez their testimony, emotion, and description of the trauma they experienced that day and continue to experience today. I can inform the Court that Mr. Amilcar Vasquez was moved by the description. He wishes to share personally with the Court at the sentencing hearing how he thinks of those individuals and the pain he inflicted that fateful day.

*Health*

This Court is well aware of the dangers of incarceration during the age of COVID 19. Difficulties with social distancing, challenges with proper sanitation, make the risk of COVID 19 infection within prisons particularly high. *See Coreas v. Bounds*, 451 F. Supp. 3d 407, 413 (D. Md. 2020). In May of 2020, Mr. Amilcar Vasquez contracted COVID 19 while detained by the D.C. Department of Corrections. PSR p.12 ¶52. His disease was felt strongly, he endured paid and suffering, and he

continues to experience difficulties with eye, nose and throat ailments that he links to the COVID infection.

Courts have resoundingly acknowledged the COVID-19 pandemic created extraordinary and compelling reasons to consider alternatives to incarceration. *See* 18 U.S.C. §3582 (c)(1)(A). As mitigation given his infection, disease, and as an alternative to lengthy imprisonment, Mr. Amilcar Vasquez respectfully requests mitigation of incarceration time.

*Exhibits*

Below is a listing of memorandum exhibits submitted for the Court's review. The exhibits present a fuller picture of Mr. Amilcar Vasquez's family, work and life. He respectfully asks for the Court's consideration and mitigation pursuant to § 3553 (a)(1) factors:

    Exhibit 1 / 1A  -  Defendant's Letter to Court & English Translation
    Exhibit 2  -  Amilcar's Sisters & Brothers
    Exhibit 3  -  Amilcar's Youngest Son
    Exhibit 4  -  Amilcar's Sons
    Exhibit 5  -  Amilcar & Mother of Sons
    Exhibit 6  -  Amilcar, Brother, Son & Family Friends
    Exhibit 7  -  Pastor's Letter
    Exhibit 8  -  Bible Study Certificate – D.C. Dept. of Corrections
    Exhibit 9 / 9A  -  Employer's Letter & English Translation
    Exhibit 10  -  Amilcar at Work
    Exhibit 11  -  Amilcar's Work Evaluations from D.C. Dept. of Corrections
    Exhibit 12  -  Cardiac Diet from D.C. Dept. of Corrections

*Waive Imposition of Monetary Fine*

Given the poor economic status of Mr. Amilcar Vasquez, he respectfully asks that the Court waive imposition of a fine. PSR p.13 ¶59.

*Mitigation As Deportable Alien*

On March 29, 2019, Immigration and Customs Enforcement lodged an immigration detainer against Mr. Amilcar Vasquez. PSR p.2. As a result of his removable immigration status, it is undisputed that Mr. Amilcar Vasquez will not qualify for any end-of-sentence societal re-integration programs under the Bureau of Prisons. Benefits such as half-way house placement, work-release, or drug treatment will not be available. Accordingly, any sentence imposed upon Mr. Amilcar Vasquez will necessarily be harsher than an identical sentence for a defendant that would not be subject to deportation from the United States. Mitigation of any term of incarceration is, therefore, respectfully requested pursuant to the persuasive authority provided in *United States v. Smith,* 27 F.3d 649, (307 U.S. App. DC 1994).

*BOP Placement Recommendation*

Based upon family ability to visit, Mr. Amilcar Vasquez requests a Court recommendation for BOP placement as close as possible to the northeast and mid-Atlantic regions of the United States. The recommended regions allow for family members convenient travel options so they may visit Mr. Amilcar Vasquez as he serves the remainder of any sentence of incarceration the Court may impose.

*Transitional Incarceration*

Mr. Amilcar Vasquez also asks the Court to note that he has been held at the District of Columbia's Central Detention Facility (D.C. Jail), and Central Treatment Facility (CTF) since May 20, 2019. PSR p.1. During his time detained, Mr. Amilcar Vasquez has experienced harsh prison conditions at the two referenced detention facilities. Whether water shortages, temperature fluctuations, or staffing shortages and extended periods of lock-downs due to the COVID 19 pandemic, his detention at the D.C. Jail and CTF facilities, pending case resolution, has been harsher than time spent at a BOP facility. Mr. Amilcar Vasquez respectfully requests that the Court mitigate his sentence in light of his time spent under such conditions.

*Sentence Calculation*

The PSR notes that Mr. Amilcar Sandoval was arrested on state charges for the conduct that comprised the federal charge on March 29, 2019. He was held in state custody until April 26, 2019. Mr. Amilcar respectfully requests that the Court recognize this period of time as detention and punishment for the conduct. He asks that pursuant to § 3553 (a)(1) the Court recognize this event in his case and mitigate his sentence accordingly. See PSR p.1, citing, State arrest and period of detention from March 29, 2019 through April 26. 2019. See also PSR p. 10-11 ¶42-43.

*Conclusion*

A sentencing judge must consider every convicted person as an individual and every case as a unique study. *Gall v. United States*, 552 U.S. 38, 52 (2007). Mr.

8

Amilcar Vasquez respectfully requests the Court's consideration of the mitigating factors identified in this memorandum and those to be discussed at the sentencing hearing.

WHEREFORE, Mr. Amilcar Vasquez respectfully requests mitigation of his sentence for the reasons set forth above, and that present themselves at the sentencing hearing.

Filed this 2nd day of March, 2021.

Respectfully submitted,

RETURETA & WASSEM, P.L.L.C.

By:_____
Manuel J. Retureta, Esq.
Maryland Federal Bar #27148
300 New Jersey Avenue, NW, Suite 900
Washington, D.C. 20001
202.450.6119
MJR@RETURETAWASSEM.COM

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing filing was served upon counsel for all parties via electronic mail on this 2nd day of March, 2021.

By:_____
Manuel J. Retureta, Esq.